## (May 16, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL S. KINNEY, Appellant.— Judgment insofar as it imposed sentence unanimously reversed and proceeding remitted to Ontario County Court for further proceedings in accordance with memorandum, and otherwise judgment affirmed. Memorandum: Appellant entered a guilty plea to various counts of an indictment and was sentenced to an indeterminate term of one day to life. The only count of the indictment under which the appellant could have received this sentence was the eleventh count which was set forth in simplified form, charging the appellant with "Assault in the Second Degree Contrary to Section 242, paragraph 5, of the Penal Law, Committed on or about August 12, 1961". Court assigned counsel for the appellant demanded no bill of particulars and none was furnished. The only mention of the nature of the violation of subdivision 5 of section 242 of the Penal Law was the statement to the court by the District Attorney that the violation of that section was "in connection with the charge of rape in the first degree". Although this statement was made in the presence of appellant and his assigned counsel, it is evident from the record that neither the appellant nor his counsel was aware of the possibility of receiving the indeterminate sentence which was given to appellant. Section 2189-a specifically provides that no person shall receive the indeterminate sentence "until a psychiatric examination shall have been made of him and a complete written report thereof shall have been submitted to the court." The record discloses that no such examination was ordered or made and appellant's defense counsel was unaware of the necessity for such an examination. The District Attorney moved that the appellant "be examined under the provisions of the Code of Criminal Procedure to determine the condition of his present mental capacity" and may well have intended that the psychiatric examination should be in compliance with section 2189-a of the Penal Law. Appellant's attorney said he did not "feel that this defendant is in such a state of insanity or idiocy that the defendant doesn't have knowledge of this proceeding," which clearly indicated he regarded the examination as one required under section 870 of the Code of Criminal Procedure. The only report of the psychiatrists which appears in the record is the report of two psychiatrists of Willard State Hospital who understood that their only obligation was to examine the appellant to "determine the question of idiocy, imbecility, or insanity of Earl S. Kinney, pursuant to an order granted under Section 870 of the Code of Criminal Procedure". The report rendered by these psychiatrists was on the printed form entitled "Report of Qualified Psychiatrist as provided by Section 662 and Section 870 et. seq. of the Code of Criminal Procedure". Therefore, the County Judge did not have before him the report required by section 2189-a, without which he could not give the appellant an indeterminate sentence of one day to life. In view of the procedure which was followed the sentence should be vacated and the appellant returned for resentence. Because of the lack of clarity in the sentencing procedure and the plea, the appellant should be given the opportunity, if he cares to do so, upon the resentencing proceedings, to raise the question as to whether or not he should be permitted to withdraw his plea of guilty to count 11 by reason of the lack of knowledge on the part of the appellant and his attorney that he was pleading to a crime, punishment for which might be one day to life. If the appellant should plead guilty again to this count or should be found guilty of the crime charged in this count, no indeterminate sentence of one day to life should be given without compliance with section 2189-a of

the Penal Law. (*People* v. *Mills*, 18 A D 2d 960; *People* v. *Spry*, 5 A D 2d 835.) (Appeal from judgment of Ontario County Court convicting defendant of endangering life or health of a child, rape second degree and assault second degree.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.